**Hearing Date and Time: June 5, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 29, 2018 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
Arik Preis
Jason P. Rubin
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
dgolden@akingump.com
apreis@akingump.com
jrubin@akingump.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Nine West Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF HEARING ON THE MOTION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS OF NINE WEST HOLDINGS, INC., *ET AL.*, FOR
ENTRY OF AN ORDER (I) CLARIFYING THE REQUIREMENT TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND
APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR
INFORMATION, AND (II) AUTHORIZING THE COMMITTEE TO UTILIZE
PRIME CLERK LLC AS INFORMATION AGENT IN CONNECTION THEREWITH**

**PLEASE TAKE NOTICE** that on May 22, 2018, the Official Committee of Unsecured

Creditors of Nine West Holdings, *et al.*, (the "Committee") filed the *Motion of the Official*

*Committee of Unsecured Creditors of Nine West Holdings, Inc., et al., for Entry of an Order (I)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service address is: 1411 Broadway, New York, New York 10018.

*Clarifying the Requirement to Provide Access to Confidential or Privileged Information and*
*Approving a Protocol Regarding Creditor Requests for Information, and (II) Authorizing the*
*Committee to Utilize Prime Clerk LLC as Information Agent in Connection Therewith* (the
"Motion").

**PLEASE TAKE NOTICE** that a hearing to consider the Motion will be held before the
Honorable Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court
for the Southern District of New York (the "Court"), One Bowling Green, Courtroom No. 623,
New York, New York 10004-1408, on **June 5, 2018 at 10:00 a.m.** (**prevailing Eastern Time**).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (each, an
"Objection") to the relief requested in the Motion shall: (a) be in writing; (b) conform to the
Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of
New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy
Court for the Southern District of New York, and the *Order (A) Establishing Certain Notice, Case*
*Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 107]
(the "Case Management Order") approved by the Court; (c) be filed electronically with the Court
on the docket of *In re Nine West Holdings, Inc.*, Case 18-10974 (SCC) by registered users of the
Court's electronic filing system and in accordance with the General Order M-399 (which is
available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be
actually received by **May 29, 2018 at 4:00 p.m.** (**prevailing Eastern Time**) (the "Objection
Deadline") by (i) the entities on the Master Service List (as defined in the Case Management Order
and available on the Debtors' case website at https://cases.primeclerk.com/ninewest) and (ii) any
person or entity with a particularized interest in the subject matter of the Motion.

2

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Committee may, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter without further notice or opportunity to be heard.

New York, New York
Dated:  May 22, 2018

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/  *Daniel H. Golden*
     Daniel H. Golden
     Arik Preis
     Jason P. Rubin
     One Bryant Park
     New York, New York 10036
     Telephone: (212) 872-1000
     Facsimile: (212) 872-1002
     dgolden@akingump.com
     apreis@akingump.com
     jrubin@akingump.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors of Nine West Holdings, Inc., et al.*

**Hearing Date and Time: June 5, 2018 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 29, 2018 at 4:00 p.m. (prevailing Eastern Time)**

AKIN GUMP STRAUSS HAUER & FELD LLP
Daniel H. Golden
Arik Preis
Jason P. Rubin
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
dgolden@akingump.com
apreis@akingump.com
jrubin@akingump.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors of Nine West Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS OF NINE WEST HOLDINGS, INC.,** ***ET AL.*, FOR ENTRY**
**OF AN ORDER (I) CLARIFYING THE REQUIREMENT TO PROVIDE**
**ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND**
**APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR**
**INFORMATION, AND (II) AUTHORIZING THE COMMITTEE TO UTILIZE**
**PRIME CLERK LLC AS INFORMATION AGENT IN CONNECTION THEREWITH**

The Official Committee of Unsecured Creditors (the "Committee") of Nine West

Holdings, Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"),

by and through its undersigned proposed counsel, hereby files this motion (the "Motion") for

entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, (i)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service address is: 1411 Broadway, New York, New York 10018.

clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor requests for information, and (ii) authorizing the Committee to utilize Prime Clerk LLC (the "Committee Information Agent") as its information agent in connection therewith.    In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal bases for the relief requested herein are sections 105(a), 107(b), and 1102(b)(3)(A) and (B) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4.      On April 6, 2018, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.    The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. The Debtors' chapter 11 cases (the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On April 19, 2018 (the "Committee Formation Date"), the United States Trustee for the Southern District of New York appointed the Committee pursuant to Bankruptcy Code section 1102.    The Committee currently consists of: (i) Aurelius Capital Master, Ltd.; (ii) GLAS Trust Company LLC; (iii) Pension Benefit Guaranty Corporation; (iv) Simon Property Group;

2

(v) Stella International Trading (Macao Commercial Offshore) Limited; (vi) Surefield Limited; and (vii) U.S. Bank National Association [Docket No. 232].[2]

6.      The Committee selected Akin Gump Strauss Hauer & Feld LLP as its counsel on April 19, 2018, Houlihan Lokey Capital, Inc. as its investment banker on April 25, 2018, and Protiviti Inc. as its financial advisor and forensic accountant on April 27, 2018, each subject to Court approval (collectively, the "Committee Professionals").

7.      The Committee has its own obligations regarding, among other things, the protection of confidential information, materials, and communications produced by or related to the Committee, its members, and its professionals, as well as privileged information (collectively, "Confidential Committee Information").    Confidential Committee Information includes any and all written and oral correspondence, reports, and memoranda prepared by the Committee Professionals for the benefit of the Committee as well as all related communications received by any of the members of the Committee, including reports disseminated by Committee members among themselves and/or the Committee Professionals.    The Committee also has its own obligations regarding the Committee's use and disclosure of non-public business information provided to the Committee by or on behalf of the Debtors ("Confidential Debtor Information").

## RELIEF REQUESTED

8.      By this Motion, the Committee requests entry of the Order authorizing the Committee to (i) establish and implement a protocol (the "Creditor Information Protocol") in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B), effective *nunc pro tunc* to the Committee Formation Date, to facilitate the Committee's obligation to provide information to

---

[2] On May 9, 2018, the U.S. Trustee filed the *Second Amended Appointment of Official Committee of Unsecured Creditors* [Docket No. 232], replacing Hongkong Hing Wing Development Limited with Surefield Limited on the Committee.

the Debtors' unsecured creditor constituency, and (ii) utilize the Committee Information Agent
as its information agent and create and maintain the Committee Website (as defined below).

## BASIS FOR RELIEF

### A.    Creditor Information Protocol

9.    Bankruptcy Code section 1102(b)(3) provides, in relevant part, that a creditors'
committee appointed under Bankruptcy Code section 1102(a) shall "provide access to
information for creditors who (i) hold claims of the kind represented by that committee; and
(ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). Bankruptcy Code section
1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to
information" to creditors nor does the associated legislative history provide any guidance.

10.    As Bankruptcy Code section 1102(b)(3)(A) simply requires a creditors'
committee to "provide access to information," yet sets forth no guidelines as to the type, kind,
and extent of the information to be provided, the statute could be read as requiring a creditors'
committee to provide access to all information provided to it by any party, or developed through
the exercise of its investigative function, regardless of whether the information is confidential,
privileged, proprietary, or material non-public information and regardless of whether
disseminating such information implicates securities law disclosure requirements (where
applicable). The legislative history for Bankruptcy Code section 1102 does not provide any
further guidance on this point and merely reiterates that language of section 1102(b)(3). *See*
H.R. REP. No. 109-31(I), at 87 (2005) ("Section 405(b) requires the committee to give creditors
having claims of the kind represented by the committee access to information. In addition, the
committee must solicit and receive comments from these creditors and, pursuant to court order,
make additional reports or disclosures available to them.").

11.    The lack of specificity in Bankruptcy Code section 1102(b)(3)(A) is a potential source of confusion for creditors and creditors' committees.  Here, as is typical in most chapter 11 cases, the Committee already has received and expects to continue to receive confidential, highly confidential (*i.e.* advisors' eyes only) and other non-public proprietary information from the Debtors and other parties in interest.  This information likely will be used for, among other things, valuing assets, understanding the Debtors' operations, analyzing potential claims and causes of action, and consideration of restructuring proposals.  However, a creditor taking an extreme view of Bankruptcy Code section 1102(b)(3)(A) might argue that section 1102(b)(3)(A) requires the Committee to share another party's (including the Debtors') confidential information that such creditor would not be able to obtain otherwise.  Such an interpretation has a strong potential to chill information sharing between and among stakeholders and the Committee and hinder the restructuring process to the detriment of all parties in interest.

12.    Moreover, Bankruptcy Code section 1102(b)(3)(A) also could be read to permit the disclosure of attorney-client privileged information or information protected by any other applicable privilege or doctrine.  Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information.  An obligation to disseminate privileged information or Confidential Committee Information would limit the Committee Professionals' ability to communicate effectively with and advise the Committee, thereby reducing the benefit that active Committee engagement brings to the administration of these Chapter 11 Cases.

13.    The Committee seeks to avoid the foregoing issues as well as any other potential issues that could arise by implementing the following Creditor Information Protocol through the Order:

a. <u>Privileged and Confidential Information</u>: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall have the meaning as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information, or confidential or non-public proprietary information from other parties ("<u>Confidential Non-Debtor Information</u>," and collectively with Confidential Debtor Information and Confidential Committee Information, "<u>Confidential Information</u>") or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party ("<u>Privileged Information</u>").  In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

b. <u>Information Obtained through Discovery</u>: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any such information that the Committee obtains from third parties.

c. <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "<u>Information Request</u>"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that needs not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which could include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled, and any party may

6

object to such motion. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Committee provide the Requesting Creditor with a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Court conduct an *in camera* review of the information subject to the Information Request.

d. <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may demand such disclosure (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed, and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed. If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion. Demands submitted to counsel for the Debtors pursuant to this clause (d) shall be submitted by email to: James A. Stempel (jstempel@kirkland.com), Joseph M. Graham (joe.graham@kirkland.com), and Angela M. Snell (angela.snell@kirkland.com). The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of the Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

14.    The Order would also permit, but not require, the Committee to provide access to Privileged Information to any party so long as the relevant privilege is held and controlled solely by the Committee and does not include Confidential Debtor Information or Confidential Non-Debtor Information.

15.    The Committee believes that granting the relief requested herein will ensure efficient administration of these Chapter 11 Cases and active Committee engagement.

7

Moreover, it is consistent with the language of the Bankruptcy Code. Congress did not intend for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party as that would result in Bankruptcy Code section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Code section 107(b) and Bankruptcy Rule 9018.

16.     Bankruptcy Code section 107(b)(1) provides that, "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). The language of Bankruptcy Code section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). The plain language of this section of the Bankruptcy Code mandates that confidential information be protected.

17.     Bankruptcy Rule 9018 further supports an interpretation of Bankruptcy Code section 1102(b)(3) that does not require creditors' committees to disseminate confidential or privileged information or materials. Bankruptcy Rule 9018 states, in relevant part, that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Bankruptcy Rule 9018 goes a step further than Bankruptcy Code section 107(b)(1); the rule expressly allows a court to act on its own initiative.

18.     Finally, Bankruptcy Code section 105(a) empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §

8

105(a).  The Committee submits that the requested relief is both necessary for the Committee to fulfill its obligations as set forth under Bankruptcy Code section 1103(c) and appropriate in light of Bankruptcy Code section 107(b)(1), Bankruptcy Rule 9018, and the equitable considerations of efficient case administration.

19.    The Creditor Information Protocol sets forth narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected third parties while permitting reasonable access to information for the Debtors' unsecured creditors.  It will ensure the proper functioning of the chapter 11 process and open informal discovery and due diligence.  The Committee additionally seeks express authority to maintain a website (the "Committee Website") for the benefit of the Debtors' creditors.  The Committee Website will be used by the Committee to make non-confidential and non-privileged information available to the Debtors' unsecured creditors that is either not otherwise readily available or that the Committee determines should be further highlighted for unsecured creditors.

20.    The Committee submits that the requested relief is appropriate and within the Court's authority.  Indeed, bankruptcy courts in this district routinely grant relief substantially similar to the relief requested herein.  *See, e.g., In re BCBG Max Azria Global Holdings, LLC,* No. 17-10466 (SCC) (Bankr. S.D.N.Y. April 5, 2017) [Docket No. 277]; *In re Avaya Inc.,* No. 17-10089 (SMB) (Bankr. S.D.N.Y. March 16, 2017) [Docket No. 249]; *In re AOG Entm't, Inc.,* No. 16-11090 (SMB) (Bankr. S.D.N.Y. June 30, 2016) [Docket No. 188]; *In re SunEdison, Inc.,* No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 8, 2016) [Docket No. 507]; *In re Sabine Oil & Gas Corp.,* No. 15-11835 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2015) [Docket No. 321]; *In re MPM Silicones, LLC,* No. 14-22503 (RDD) (Bankr. S.D.N.Y. June 2, 2014) [Docket No. 298]; *In re*

*Ambac Fin. Grp., Inc.* No. 10-15973 (SCC) (Bankr. S.D.N.Y. Dec. 21, 2010) [Docket No. 76]; *In re Neff Corp.,* No. 10-12610 (SCC) (Bankr. S.D.N.Y. July 13, 2010) [Docket No. 269].

### B.    Committee Information Agent

21.    The Committee believes that the appointment of Prime Clerk as Committee Information Agent will assist the Committee in complying with its obligations under Bankruptcy Code section 1102(b)(3), add to the effective administration of the Chapter 11 Cases, and reduce the overall expenses of administering the Chapter 11 Cases.  In furtherance thereof, the Committee also seeks authority to utilize the Committee Information Agent to assist with noticing and service of pleadings that may be filed on behalf of the Committee.  Prime Clerk is particularly well-suited to perform the tasks detailed in the Creditor Information Protocol and to provide services as Committee Information Agent.  Prime Clerk's existing role as the Debtors' claims and noticing agent and proposed solicitation and administrative agent will allow Prime Clerk to serve as the Committee Information Agent in a cost-efficient manner.  Accordingly, the Committee requests that the reasonable fees and expenses of Prime Clerk for professional services rendered on behalf of the Committee in connection with these Chapter 11 Cases should be paid by the Debtors' estates in accordance with the existing terms of the Debtors' service agreement with Prime Clerk.

### NO PRIOR REQUEST

22.    No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that the Court (i) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (ii) grant the Committee such other and further relief as is just, proper, and equitable.

New York, New York
Dated: May 22, 2018

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ *Daniel H. Golden*
      Daniel H. Golden
      Arik Preis
      Jason P. Rubin
      One Bryant Park
      New York, New York 10036
      Telephone: (212) 872-1000
      Facsimile: (212) 872-1002
      dgolden@akingump.com
      apreis@akingump.com
      jrubin@akingump.com

*Proposed Counsel to the Official Committee of
Unsecured Creditors of Nine West Holdings, Inc., et al.*

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER (I) CLARIFYING THE REQUIREMENT TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND
APPROVING A PROTOCOL REGARDING CREDITOR REQUESTS FOR
INFORMATION, AND (II) AUTHORIZING THE COMMITTEE TO UTILIZE
PRIME CLERK LLC AS INFORMATION AGENT IN CONNECTION THEREWITH**

Upon the motion (the "Motion")[2] of the Committee for entry of an order (this "Order"),

pursuant to Bankruptcy Code sections 105(a), 107(b), and 1102(b)(3)(A) and (B) and

Bankruptcy Rule 9018, (i) clarifying the requirements of the Committee to provide access to

confidential or privileged information to creditors and approving a protocol regarding creditor

requests for information, and (ii) authorizing the Committee to utilize Prime Clerk LLC (the

"Committee Information Agent") as its information agent in connection therewith; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing

Order of Reference from the United States District Court for the Southern District of New York*,

dated January 31, 2012; and this Court having found that this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076).  The location of the Debtors' service address is:  1411 Broadway, New York, New York 10018.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The relief requested in the Motion is granted, effective *nunc pro tunc* to the Committee Formation Date, as set forth herein.

2.      The Committee shall implement the following Creditor Information Protocol in accordance with Bankruptcy Code sections 1102(b)(3)(A) and (B):

   a.   <u>Privileged and Confidential Information</u>: The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall have the meaning as defined in Bankruptcy Code section 101(15)) (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information, or confidential or non-public proprietary information from other parties ("<u>Confidential Non-Debtor Information</u>," and collectively with Confidential Debtor Information and Confidential Committee Information, "<u>Confidential Information</u>") or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party ("<u>Privileged Information</u>").  In addition, the Committee shall not be required to provide access to information for or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in Bankruptcy Code section 1102(b)(3).

   b.   <u>Information Obtained through Discovery</u>: Any information received (formally or informally) by the Committee pursuant to Bankruptcy Rule 2004 or in connection

with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by this Order but, rather, by any order governing such discovery.  Nothing herein shall obligate the Committee to provide any such information that the Committee obtains from third parties.

c.  <u>Creditor Information Requests</u>: If a creditor (a "<u>Requesting Creditor</u>") submits a written request to the Committee or the Committee Professionals for the Committee to disclose information (an "<u>Information Request</u>"), pursuant to Bankruptcy Code section 1102(b)(3)(A), the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "<u>Response</u>"), including by providing access to the information requested or stating the reason(s) why the Committee cannot disclose the information requested by such Information Request.  If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or Privileged Information that needs not be disclosed, including, but not limited to, (i) pursuant to the terms of this Order or otherwise under Bankruptcy Code section 1102(b)(3)(A), (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee (which could include the Committee Professionals) regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion.  Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled, and any party may object to such motion.  Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Committee provide the Requesting Creditor with a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information.  Further, nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee or any other party from denying or objecting to such request, as applicable) that the Court conduct an *in camera* review of the information subject to the Information Request.

d.  <u>Release of Confidential Information of Third Parties</u>: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee agrees that such request should be satisfied, or if the Committee without a third party request wishes to disclose such Confidential Information to creditors, the Committee may demand such disclosure (a "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors requesting that such information be disclosed, and (ii) if the Confidential Information is Confidential Non-Debtor Information, by

3

submitting a written request to such third party and its counsel of record (if any), with a copy to the Debtors' counsel, requesting that such information be disclosed.  If the Debtors or such other entity do not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion.  Demands submitted to counsel to the Debtors pursuant to this clause (d) shall be submitted by email to: James A. Stempel (jstempel@kirkland.com), Joseph M. Graham (joe.graham@kirkland.com), and Angela M. Snell (angela.snell@kirkland.com).  The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such other party, as applicable, or further order of the Court.  For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

3.     The Committee shall be permitted (solely to the extent set forth in this order or any other order of the Bankruptcy Court or the Bankruptcy Code), but is not required, pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Confidential Information to any creditor with a claim of the kind represented by the Committee.

4.     The Committee shall not be required pursuant to Bankruptcy Code section 1102(b)(3)(A) to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee.  Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information or Confidential Committee Information to any party so long as (a) such Privileged Information or Confidential Committee Information does not include any Confidential Debtor Information or Confidential Non-Debtor Information and (b) any relevant privilege is held and controlled solely by the Committee.

5.     Nothing in this Order shall diminish or modify any rights or obligations of the Committee or its members and representatives with respect to the protection of Confidential Information or any confidentiality agreement entered into with the Debtors or any other party (including the Committee's or its members' and representatives' rights to disclose Confidential

4

Information as permitted under any such confidentiality agreement), which rights or obligations shall remain in full force and effect notwithstanding any provision of this Order.

6.      None of the Debtors, the Committee, or any of their respective directors, officers, employees, members, attorneys, consultants, advisors, or agents (acting in such capacity) (collectively, the "Exculpated Parties"), shall have to incur any liability to any entity (including the Debtors or their affiliates) for any act taken or omitted to be taken pursuant to the Creditor Information Protocol set forth herein; *provided*, *however*, that the foregoing shall not affect the liability of any Exculpated Party protected pursuant to this paragraph that otherwise would result from any such act or omission to the extent that such act or omission is determined in a final non-appealable order to have constituted gross negligence or willful misconduct.    Without limiting the foregoing, the exculpation provided in this paragraph shall be coextensive with any Exculpated Party's qualified immunity under applicable law.

7.      The Committee is hereby authorized to establish and maintain a Committee Website as described in the Motion.

8.      The Committee is further authorized to utilize Prime Clerk as the Committee Information Agent to assist the Committee in creating and maintaining the Committee Website and with noticing and service of pleadings filed on behalf of the Committee.    Prime Clerk shall be paid by the Debtors' estates in accordance with the existing terms of the Debtors' service agreement with Prime Clerk for professional services rendered on behalf of the Committee in connection with these Chapter 11 Cases.

9.      Nothing in this Order shall expand, restrict, affirm, or deny the right, if any, of the Committee to provide access or not provide access to any information of the Debtors to any party except as explicitly provided herein.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2018

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE