**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) ) ) | Case No. 18-10947 (SCC) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER (A) AUTHORIZING THE DEBTORS TO OBTAIN ADDITIONAL POSTPETITION FINANCING, (B) INCREASING THE AMOUNT OF INDEBTEDNESS SECURED BY LIENS AND GRANTED SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (C) AUTHORIZING THE DEBTORS TO AMEND THE TERM DIP CREDIT AGREEMENT, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of Jasper Parent LLC ("**Holdings**"), Nine West Holdings, Inc. (the "**Term Borrower**"), and their affiliated debtors, each as a debtor and debtor-in-possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**") pursuant to sections 105, 364(c), 364(d), and 364(e) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rules 4001, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**") seeking, among other things, a supplemental order (this "**Order**") authorizing the Debtors to (i) obtain additional postpetition financing (the "**Additional Financing**") consisting of a senior secured superpriority debtor-in-possession term loan facility (the "**Additional Facility**") in an aggregate principal amount of up

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service address is: 1411 Broadway, New York, New York 10018.

KE 58294223

to $22,000,000 (the loans made thereunder, the "**Additional Loans**") pursuant to the terms of that certain Amendment No. 7 to Secured Superpriority Debtor-in-Possession Term Loan Credit Agreement (the "**Seventh Amendment**" and, together with the Term DIP Credit Agreement as amended by the Seventh Amendment, the "**Seventh Amendment Documents**") and on the same terms as, and ranking *pari passu* in right of payment and of security with, the Initial Loans and the Delayed Draw Loans (as such terms are defined in the Term DIP Credit Agreement) and (ii) execute and deliver the Seventh Amendment and to perform their respective obligations thereunder and all such other and further acts as may be necessary, appropriate, or desirable in connection with the Seventh Amendment; and the Court having considered the Motion, the exhibits attached thereto, the Schipani Declaration, the Lefkovits Declaration, the Seventh Amendment Documents, and the evidence submitted and arguments made by the Debtors at the hearing held on January 10, 2019 (the "**Hearing**"); and the Court having entered the *Final Order (A) Authorizing the Debtors to Obtain Postpetition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Granting Adequate Protection to the Prepetition Secured Parties, (E) Modifying the Automatic Stay, and (F) Granting Related Relief* [Docket No. 450] (the "**Final DIP Order**");[2] and notice of the Hearing having been given in accordance with Bankruptcy Rules 2002, 4001(b), (c) and (d), and all applicable Local Rules; and the Hearing having been held and concluded; and all objections, if any, to the final relief requested in the Motion having been withdrawn, resolved or overruled by the Court; and it appearing that approval of the relief requested in the Motion is fair and reasonable and in the best interests of the Debtors and their estates, and is essential for the continued operation of the Debtors' businesses and the

---

[2] Capitalized terms used herein and not herein defined have the meaning ascribed to such terms in the Final DIP Order.

preservation of the value of the Debtors' assets; and it appearing that the Debtors' entry into the Seventh Amendment is a sound and prudent exercise of the Debtors' business judgment; and after due deliberation and consideration, and good and sufficient cause appearing therefor;

**IT IS HEREBY FOUND, DETERMINED, ORDERED AND ADJUDGED THAT**:

1. *Additional Financing Approved.* The Motion is granted and the additional financing described herein is authorized and approved, subject to the terms and conditions set forth in the Seventh Amendment Documents, this Order, and the Final DIP Order. All objections to this Order to the extent not withdrawn, waived, settled, or resolved are hereby denied and overruled.

2. *Jurisdiction and Venue.* This Court has core jurisdiction over the Chapter 11 Cases, the Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. Venue for the Chapter 11 Cases and proceedings on the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. *Notice.* The Hearing was held pursuant to Bankruptcy Rule 4001(c)(2). Proper, timely, adequate and sufficient notice of the Motion has been provided in accordance with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and no other or further notice of the Motion or the entry of this Order shall be required.

4. *Authorization of the Additional Financing and the Seventh Amendment.*

    (a) The Term Borrower is authorized to borrow money pursuant to the Seventh Amendment Documents and the Term DIP Guarantors are authorized to guaranty the obligations (the "**Additional Obligations**") of the Term Borrower with respect to such

borrowings, in each case up to an aggregate principal amount equal to $22,000,000, subject to any limitations on borrowing under the Seventh Amendment Documents or the Term DIP Documents, which shall be used for all purposes permitted under the Seventh Amendment Documents and the Term DIP Documents, including, without limitation, to pay certain costs, fees, and expenses related to the Chapter 11 Cases, to pay the Adequate Protection Payments, to fund the working capital needs, capital improvements, and expenditures of the Debtors, and for general corporate purposes during the Chapter 11 Cases, in each case in accordance with this Order, the Final DIP Order, the Seventh Amendment Documents, and the Term DIP Documents.

(b) In furtherance of the foregoing and without further approval of this Court, the Term Borrower is authorized and directed to enter into the Seventh Amendment, and each Debtor is authorized and directed to make, execute, and deliver all instruments and documents, and to pay all fees in connection with or that may be reasonably required, necessary, or desirable for such Debtor's performance of its obligations under or related to the Additional Financing and the Seventh Amendment Documents.

5. *Findings Regarding the Additional Financing*.

(i) Good and sufficient cause has been shown for the entry of this Order.

(ii) The Term DIP Loan Parties have an immediate need to obtain the Additional Loans in order to permit, among other things, the orderly continuation of the operation of their businesses, to maintain business relationships with vendors, suppliers, and customers, to make payroll, to make capital expenditures, to satisfy other working capital and operational needs, and to pay professional fees incurred in connection with the Chapter 11 Cases. The access of the Term DIP Loan Parties to sufficient working capital and liquidity through the incurrence of new indebtedness and other financial accommodations is necessary and vital to the

4

preservation and maintenance of the going concern values of the Term DIP Loan Parties and to a successful reorganization of the Term DIP Loan Parties.

(iii) The Term DIP Loan Parties are unable to obtain financing on more favorable terms from sources other than the Term DIP Lenders under the Seventh Amendment Documents and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code as an administrative expense. The Term DIP Loan Parties are also unable to obtain secured credit on more favorable terms than the Additional Loans through secured credit allowable under sections 364(c)(1), 364(c)(2) and 364(c)(3) of the Bankruptcy Code without the Term DIP Loan Parties granting to the Term DIP Secured Parties, subject to the Carve Out, the Term DIP Liens and the DIP Superpriority Claims under the terms and conditions set forth in this Order and in the Seventh Amendment Documents.

(iv) The terms of the Seventh Amendment Documents are fair and reasonable, reflect the Term DIP Loan Parties' exercise of prudent business judgment consistent with their fiduciary duties, and constitute reasonably equivalent value and fair consideration.

(v) The Seventh Amendment Documents have been negotiated in good faith and at arm's length among the Term DIP Loan Parties and the Term DIP Secured Parties, and all of the Term DIP Loan Parties' obligations and indebtedness arising under, in respect of, or in connection with the Seventh Amendment Documents, including, without limitation, all Additional Loans made to the Term DIP Loan Parties pursuant to the Seventh Amendment Documents, shall be deemed to have been extended by the Term DIP Agents and the Term DIP Lenders in good faith, as that term is used in section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by section 364(e) of the Bankruptcy Code, and the Term DIP Agents and the Term DIP Lenders (and the successors and assigns thereof, solely in

their capacity as such) shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed, or modified, on appeal or otherwise.

6.    *Privileges and Protections*.  All liens, security interest, priorities, and other rights, remedies, benefits, privileges, and protections provided to the Term DIP Lenders in the Final DIP Order and the Term DIP Documents with respect to or relating to the Term DIP Financing shall apply with equal force and effect with respect to the Additional Financing, the Seventh Amendment Documents, and all obligations in connection therewith or related thereto.  The Additional Loans will rank *pari passu* in right of payment and security with the Initial Loans and the Delayed Draw Loans.  In furtherance of the foregoing, for all purposes under the Final DIP Order the defined terms (a) "Term DIP Loans" shall include the Additional Loans, (b) "Term DIP Facility" shall include the Additional Facility, (c) "Term DIP Financing" shall include the Additional Financing, (d) "Term DIP Obligations" shall include the Additional Obligations, (e) "Term DIP Documents" shall include the Seventh Amendment, and (f) "Term DIP Lenders" shall include each Lender providing an Additional Loan Commitment (as such terms are defined in the Seventh Amendment Documents).  The Additional Obligations shall constitute DIP Superpriority Claims under the Final DIP Order.

7.    *Final DIP Order*.  The terms of the Final DIP Order are incorporated herein and made part of this Order.  Except as expressly modified by this Order, the Final DIP Order shall remain unchanged and in full force and effect.  All factual and other findings and conclusions of law contained in the Final DIP Order shall remain fully applicable, including with respect to the Additional Financing, except to the extent specifically modified herein. In the event of any inconsistency among the provisions of this Order, the Final DIP Order, and the definitive

KE 58294223

documents related to the Additional Financing, the provisions of the Final DIP Order shall govern, except as expressly modified by this Order. Notwithstanding anything to the contrary herein, in the Final DIP Order, or in the Seventh Amendment Documents, the proviso in Section 6.16(viii) of the Term DIP Credit Agreement may not be amended or modified without the prior approval of this Court.

8. *Binding Effect; Successors and Assigns*. The provisions of this Order, including all findings herein, shall be binding upon all parties in interest in the Chapter 11 Cases, including, without limitation, the DIP Agents, the DIP Lenders, the Creditors' Committee, any non-statutory committees appointed or formed in the Chapter 11 Cases, the Debtors and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of any of the Debtors, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of any of the Debtors or with respect to the property of the estate of any of the Debtors) and shall inure to the benefit of the Term DIP Agents, the Term DIP Agents, and the Debtors and their respective successors and assigns; *provided* that the DIP Agents and the DIP Lenders shall have no obligation to extend any financing to any chapter 7 trustee, chapter 11 trustee, or similar responsible person appointed for the estates of the Debtors.

9. *Liens*. All liens and priority granted to the Term DIP Lenders pursuant to this Order shall be deemed effective and perfected upon the date of this Order and without the necessity of the execution, recordation, or filing by the Term DIP Loan Parties of mortgages, security agreements, control agreements, pledge agreements, financing statements, or other similar documents, or the possession or control by the Term Agent of, or over, any Term DIP Collateral.

KE 58294223

10. *Headings*. Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Order.

11. *Effectiveness*. This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable immediately upon entry hereof. Notwithstanding Bankruptcy Rules 4001 (a)(3), 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules, or any Local Rule, or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

12. *Retention of Jurisdiction.* The Court shall retain jurisdiction to implement, interpret, and enforce the provisions of this Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for any one or more of the Debtors notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

Dated:  January 10, 2019
        New York, New York

/S/ Shelley C. Chapman
THE HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

KE 58294223