**Hearing Date and Time:  January 28, 2019, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  January 21, 2019, at 4:00 p.m. (prevailing Eastern Time)**

James H.M. Sprayregen, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James A. Stempel (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Angela M. Snell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | Case No. 18-10947 (SCC) |
| Debtors. | (Jointly Administered) |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF A FOURTH ORDER**
**(A) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11**
**PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (B) GRANTING RELATED RELIEF**

   **PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of a Fourth Order (A) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* (the "Motion") will be held before the Honorable Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076).  The location of the Debtors' service address is:  1411 Broadway, New York, New York 10018.

(the "Court"), One Bowling Green, Courtroom No. 623, New York, New York 10004-1408, on **January 28, 2019, at 10:00 a.m. (prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 107] (the "Case Management Order") approved by the Court; (c) be filed electronically with the Court on the docket of *In re Nine West Holdings, Inc.*, Case 18-10947 (SCC) by registered users of the Court's electronic filing system and in accordance with the General Order M-399 (which is available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **January 21, 2019, at 4:00 p.m. (prevailing Eastern Time)**, by (i) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://cases.primeclerk.com/ninewest) and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses that are timely filed, served, and received will be considered at the hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

KE 58643473

New York, New York
Dated:  January 14, 2019

/s/ Joseph M. Graham
James H.M. Sprayregen, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

- and -

James A. Stempel (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Angela M. Snell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

3

**Hearing Date and Time:  January 28, 2019, at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  January 21, 2019, at 4:00 p.m. (prevailing Eastern Time)**

James H.M. Sprayregen, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James A. Stempel (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Angela M. Snell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' MOTION FOR ENTRY OF A FOURTH ORDER (A) EXTENDING**
**THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN**
**AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion:

**<u>Relief Requested</u>**

1.    By this motion, the Debtors seek entry of an order, substantially in the form

attached hereto as **<u>Exhibit A</u>**, (a) extending the Debtors' exclusive right to file a chapter 11 plan

by 75 days through and including March 31, 2019 (the "<u>Filing Exclusivity Period</u>"), and to solicit

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076).  The location of the Debtors' service address is:  1411 Broadway, New York, New York 10018.

votes thereon by an additional 75 days through and including May 29, 2019 (the "Soliciting Exclusivity Period," and together with the Filing Exclusivity Period, the "Exclusivity Periods"),[2] without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods, and (b) granting related relief.

### Preliminary Statement

2.     The Debtors stand at the threshold of the confirmation trial for their proposed chapter 11 plan of reorganization [Docket No. 867] (as may be amended from time to time, the "Plan"). Throughout these cases—including over the last two months as part of the Court-ordered mediation—the Debtors have sought to reach consensus with their stakeholders to maximize the value of their business and litigation assets and allow the Debtors to emerge from chapter 11 as a healthy, viable going concern. Despite their efforts, consensus has not been achieved to date. The Debtors therefore head towards what is expected to be a hotly contested confirmation trial over whether the Plan and the settlements incorporated therein should be confirmed and approved. Now is not the time for competing plans to be proposed, nor is the time immediately after the confirmation trial. After that trial, the Debtors will either be seeking to go effective on their confirmed plan or to use this Court's guidance to forge a new path out of chapter 11 protection. The Debtors therefore request an extension of their Exclusive Filing Period through March 31, 2019, and their Exclusive Solicitation Period through May 29, 2019.

---

[2]     The Court previously extended the Debtors' Exclusivity Periods pursuant to the *Order (A) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [Docket No. 573] (the "Initial Exclusivity Extension"), the *Second Order (A) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [Docket No. 653] (the "Second Exclusivity Extension"), the *Bridge Order (A) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan, and (B) Granting Related Relief* [Docket No. 795] (the "Bridge Order Extension"), and the *Third Order (A) Extending the Debtors' Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof Pursuant to Section 1121 of the Bankruptcy Code and (B) Granting Related Relief* [Docket No. 983] (the "Third Exclusivity Extension," and, together with the Initial Exclusivity Extension, the Second Exclusivity Extension, and the Bridge Order Extension, the "Prior Exclusivity Extensions").

KE 58643473

3.      The Debtors recognize that although the Plan has the support of their most senior stakeholders, their junior stakeholders still object to it.  Accordingly, the Debtors have continued in good faith to participate in Court-ordered mediation and negotiations with all key stakeholders, including the Official Committee of Unsecured Creditors (the "UCC"), their Ad Hoc Group of Unsecured Noteholders, certain of their unsecured term loan lenders, and their indirect equity holders, with the goal of developing greater consensus around a chapter 11 plan that will allow the Debtors to emerge from bankruptcy as a healthy, sustainable business.  But after extensive (and ongoing) mediation, the Plan remains the only viable option.  The Debtors remain open to alternatives that could generate broader consensus, but to date such viable and feasible options have yet to materialize.  Accordingly, the Debtors, as fiduciaries for all stakeholders, continue to prosecute the Plan, which is the only actionable path to emergence and provides substantial recoveries to creditors.

4.      Exclusivity has allowed the Debtors to take substantial steps toward their reorganization and emergence from these chapter 11 cases.  The tremendous progress made to date must not be jeopardized by the disruption and delay that would result if parties were permitted to file competing plans at this time.  Allowing the Debtors to maintain plan filing exclusivity through the end of March ensures that these cases continue to have a structure and process where the Debtors and stakeholders can negotiate in the lead up and during the confirmation trial.  And, if greater consensus proves impossible, the exclusivity extension requested herein will permit the Debtors to pursue the best strategy for emergence (whether it is consummating the confirmed Plan or negotiating a new chapter 11 plan) after this Court's ruling following the confirmation trial.

## Jurisdiction and Venue

5.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

3

*Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The bases for the relief requested herein are section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Bankruptcy Rule 9006, and rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Basis for Relief

8.      A debtor has the exclusive right to propose a chapter 11 plan for the first 120 days of a chapter 11 case pursuant to section 1121(b) of the Bankruptcy Code.  Section 1121(c)(3) of the Bankruptcy Code extends the period of exclusivity for an additional 60 days, to an initial maximum of 180 days, where the debtor has filed a chapter 11 plan to allow the debtor to solicit votes on such plan.  "[T]he point of exclusivity is 'to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated.'"  *In re Burns & Roe Enters., Inc.*, No. 00-41610 RG, 2005 WL 6289213, at *4 (D.N.J. Nov. 2, 2005) (*quoting* H.R. Rep. No. 103-835, at 36 (1994), *as reprinted in* 1994 U.S.C.C.A.N. 3340, 3344).  In these chapter 11 cases, the Exclusivity Periods set forth in sections 1121(b) and 1121(c) of the Bankruptcy Code will expire on January 15, 2019, and March 15, 2019, respectively, absent further order of the Court.

4

9.      Section 1121(d)(1) permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here.  Specifically, section 1121(d) provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."  11 U.S.C. § 1121(d)(1).  Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "to allow the debtor to reach an agreement."  H.R. Rep. No. 95-595, at 232 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6191; *see also In re Pub. Serv. Co. of N.H.*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) ("[T]he legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and to promote maximum flexibility . . . .").  A debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

10.      The decision to extend the Exclusivity Periods is left to the sound discretion of the bankruptcy court and should be based on the totality of circumstances in each case.  *See, e.g.*, *In re Borders Grp., Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) (*citing In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006)).  In general, an extension of exclusivity should be granted where "the Debtors have shown the requisite good cause for an exclusivity extension [and] have given the Court no reason to believe that they are abusing their exclusivity rights."  *In re Glob. Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003).

11.      Courts examine a number of factors, none of which is dispositive, to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11

5

plan and thus whether there is "cause" for extension of the Exclusivity Periods.  These factors

include:

> (a)    the size and complexity of the case;
>
> (b)    the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information to allow a creditor to determine whether to accept such plan;
>
> (c)    the existence of good faith progress towards reorganization;
>
> (d)    the fact that the debtor is paying its bills as they become due;
>
> (e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;
>
> (f)    whether the debtor has made progress in negotiations with its creditors;
>
> (g)    the amount of time which has elapsed in the case;
>
> (h)    whether the debtor is seeking an extension of exclusivity to pressure creditors to submit to the debtor's reorganization demands; and
>
> (i)    whether an unresolved contingency exists.

*In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (*citing In re Dow*

*Corning Corp.*, 208 B.R. 661, 664–65 (Bankr. E.D. Mich. 1997)).

12.    Not all of the factors are relevant to every case and courts use only the relevant

subset of the factors to determine whether cause exists to grant an exclusivity extension in a

particular chapter 11 case.  *See, e.g.*, *In re Express One Int'l, Inc.*, 194 B.R. 98, 100–01 (Bankr.

E.D. Tex. 1996) (finding that "cause" existed to extend exclusivity period based on the size and

complexity of the case, the debtor's diligent reorganization attempts, and the debtor's progress in

negotiating with creditors); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269–70 (Bankr. D.D.C.

1986) (holding that "Debtor has obviously demonstrated more than sufficient cause for the short

extension now being granted" based on the debtor's efforts and progress in the "major and complex

case . . . in less than a year after the filing of the petition").  For example, both Congress and courts

6

recognize that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan.  *See, e.g.*, H.R. Rep. No. 95-595, at 232 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *Express One*, 194 B.R. at 98, 100 (*citing In re Pine Run Tr., Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986)) ("The traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization."); *Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

13.     The Debtors respectfully submit that there is sufficient cause to extend the Exclusivity Periods.  The Debtors have actively engaged all of their stakeholders during mediation, including those junior creditors who do not support the Plan.  Negotiations are ongoing, and the Debtors remain open to developing alternatives for their business and litigation assets.  Despite the extensive time spent in mediation, no other feasible plan has emerged.  Therefore, the Debtors have pursued the current actionable path to emergence in the context of what all parties agree are large and highly complex chapter 11 cases.  At this time, the Debtors must be allowed to pursue confirmation and emergence without the delay and distraction of parties filing competing chapter 11 plans, which would undoubtedly require similarly contentious litigation.

14.     An examination of the relevant factors demonstrates that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein.

- *The Debtors' Chapter 11 Cases Are Large and Complex.*[3] These chapter 11 cases involve eleven Debtor entities, which as of the Petition Date had approximately $1.6 billion in funded debt. The Debtors continue to employ approximately 950 people. Moreover, the Debtors are party to a large number of contracts and over 2,500 claims have been scheduled or filed in these cases. Stakeholders throughout the Debtors' capital structure have emerged and/or organized, each of whom has vigorously advocated for their own interests and views with respect to the settlements and compromises embedded in the Plan. As the parties prepare for a contentious confirmation trial, significant discovery and expert witness testimony have been required to address, among other things, valuation, allocation of value among Debtors, allocation of sale proceeds, allocation of administrative expenses (including estate professional fees), intercompany claims, subrogation, and estate claims and causes of action related to the 2014 Transactions.

- *The Debtors Have Made Good Faith Progress Towards Exiting Chapter 11.*[4] The Debtors have already achieved key milestones necessary for emergence, as fully described in the motions seeking approval of the Prior Exclusivity Extensions. The Debtors' disclosure statement [Docket No. 868] also was approved on November 14, 2018 [Docket No. 864]. Since that time, the Debtors and their stakeholders have been engaged in substantial mediation and confirmation preparation. Further, the Debtors have obtained and negotiated incremental DIP financing and have been engaging with providers of exit financing, each ensuring that the chapter 11 cases will have adequate financing for a successful emergence.

- *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.*[5] The Debtors are requesting an extension of the Exclusivity Periods to allow the restructuring process to continue to confirmation unhindered by competing plans. Continued exclusivity will permit the plan process to proceed without the threat of being derailed by competing plans. Moreover, throughout these chapter 11 cases, the Debtors have had ongoing and transparent

---

[3]   *In re McLean Indus. Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) ("A reasonable time in light of the bankruptcy case in its entirety is the root consideration."); *Borders Grp., Inc.*, 460 B.R. at 823 (holding that the size and complexity of the debtors' cases favored an extension of the exclusivity periods).

[4]   *McLean Indus.*, 87 B.R. at 835 (noting, in the context of an exclusivity extension, that where the debtor "has at least pointed itself in a direction whereby it can negotiate with its creditors is . . . to be commended").

[5]   *In re Adelphia Commc'ns Corp.*, 544 F.3d 420, 424 (2d Cir. 2008) (explaining that it is "the debtor's duty to wisely manage the estate's legal claims, and this duty is implicit in the debtor's duty as the estate's only fiduciary") (internal quotations omitted).

8

communications with their major creditor groups. As described above, the Debtors are engaged in mediation with their key stakeholders, including parties currently opposing confirmation, regarding the terms of a potentially consensual chapter 11 plan. Ultimately, extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest.

- *The Debtors Are Paying Their Bills as They Come Due.* Since the Petition Date, the Debtors have paid their vendors and third-party partners in the ordinary course of business or as otherwise provided by Court order. Importantly, the Debtors maintain their ability to continue to pay their bills throughout these chapter 11 cases in light of the liquidity provided by the Debtors' debtor-in-possession financing facilities, including their recently approved upsized term loan facility [Docket No. 1062].

- *The Debtors Have Demonstrated Reasonable Prospects for Filing a Viable Plan.*[6] As discussed above, the Debtors have filed the Plan, which is supported by more than 85 percent of their secured term loan lenders and more than 80 percent of their unsecured term loan lenders. The Debtors have commenced solicitation of the Plan, and have continued creditor outreach with the goal of generating broader consensus.

- *These Cases Are Less Than Ten Months Old.* The Debtors' request for an extension of the Exclusivity Periods comes less than ten months after the Petition Date. As discussed above and in the motions for the Prior Exclusivity Extensions, the Debtors have accomplished a great deal during this relatively short time and continue to work diligently towards their timely emergence from chapter 11.

- *An Extension Will Not Pressure Creditors.* The Debtors are not seeking an extension of the Exclusivity Periods to pressure or prejudice any of their stakeholders. As described above, the Debtors' key creditor constituencies have been actively participating in restructuring discussions with the Debtors throughout the plan negotiation process, including in mediation. And parties retain their rights to object to the current Plan. The Debtors are simply seeking an extension of the Exclusivity Periods to preserve and capitalize on the progress made to date in their restructuring negotiations.

---

6    *See Texaco*, 76 B.R. at 327 (holding exclusivity extension warranted to allow debtors and creditors to "negotiate an acceptable plan").

9

15.     An objective analysis of the relevant factors demonstrates that the Debtors are doing everything that they should be doing as chapter 11 debtors to facilitate a successful conclusion to these chapter 11 cases.  Accordingly, the Debtors respectfully submit that sufficient cause exists to extend the Exclusivity Periods as provided herein.

### Request for Bridge Order

16.     The Debtors note that they have filed this motion prior to the expiration of the current deadline for the Filing Exclusivity Period (i.e., January 15, 2019).  The Debtors respectfully request the Court enter the bridge order attached hereto as **Exhibit B**, extending the Filing Exclusivity Period through and including the later of (i) January 28, 2019, the date of the hearing for the Court's consideration of this motion, and (ii) the date on which this Court enters an order with respect to the relief requested by this motion.[7]

### Motion Practice

17.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this motion. Accordingly, the Debtors submit that this motion satisfies Local Rule 9013-1(a).

### Notice

18.     The Debtors have provided notice of this motion to the entities on the Service List (as defined in the case management order in these chapter 11 cases [Docket No. 107] and available

---

[7]     Local Rule 9006-2 provides that "when a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or order of the Court, with a return date that is no later than fourteen (14) days after the date of such filing or, if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court, the time shall automatically be extended until the Court resolves the motion to extend the time."  The Debtors have proposed January 28, 2019, for a hearing on this motion, and as a result the Filing Exclusivity Period is automatically extended until the Court resolves the motion under this Local Rule.  Nonetheless, the Debtors seek entry of the bridge order to provide parties in interest notice of such extension and given parties' focus on the upcoming contested confirmation trial.

KE 58643473

on the Debtors' case website at https://cases.primeclerk.com/ninewest). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

19.     Other than the motions seeking the Prior Exclusivity Extensions, no prior request for the relief sought in this motion has been made to this or any other court.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

11

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated:  January 14, 2019 | */s/ Joseph M. Graham* |

James H.M. Sprayregen, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James A. Stempel (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Angela M. Snell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No.** |

**FOURTH ORDER (A) EXTENDING THE DEBTORS'**
**EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF PURSUANT TO SECTION 1121**
**OF THE BANKRUPTCY CODE AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") (a) extending the Debtors'

exclusive periods to file a Chapter 11 plan and solicit acceptances thereof pursuant to section 1121

of the Bankruptcy Code and (b) granting related relief, all as more fully set forth in the Motion;

and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the Southern*

*District of New York*, dated January 31, 2012; and this Court having the power to enter a final

order consistent with Article III of the United States Constitution; and this Court having found that

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076).  The location of the Debtors' service address is:  1411 Broadway, New York, New York 10018.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period is hereby extended through and including March 31, 2019, and the Soliciting Exclusivity Period is hereby extended through and including May 29, 2019.

3.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code or the rights of any party in interest to object to any further requests.

4.      Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

5.      The Debtors are authorized to take all appropriate actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Proposed Bridge Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

                                            )

In re:                                  )          Chapter 11

                                            )

NINE WEST HOLDINGS, INC., *et al.*,[1]    )          Case No. 18-10947 (SCC)

                                            )

                     Debtors.        )          (Jointly Administered)

                                            )

                                            )        **Re:  Docket No.**

## BRIDGE ORDER (A) EXTENDING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND (B) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (a) extending the Debtors' exclusive periods to file a Chapter 11 plan and solicit acceptances thereof pursuant to section 1121 of the Bankruptcy Code and (b) granting related relief, all as more fully set forth in the Motion; and the Debtors' request in such Motion for entry of a bridge order (this "<u>Order</u>") extending the Filing Exclusivity Period pending the Court's resolution of the relief requested by the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076).  The location of the Debtors' service address is:  1411 Broadway, New York, New York 10018.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      Pursuant to section 1121(d) of the Bankruptcy Code, the Filing Exclusivity Period is hereby extended through and including the later of (i) January 28, 2019, and (ii) the date on which this Court enters an order with respect to the relief requested by the Motion.

2.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusivity Periods consistent with section 1121(d) of the Bankruptcy Code or the rights of any party in interest to object to any further requests.

3.      Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

4.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE