**Hearing Date and Time: February 25, 2019, at 1:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: February 22, 2019, at 12:00 p.m. (prevailing Eastern Time)**

James H.M. Sprayregen, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

James A. Stempel (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Angela M. Snell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF SUPPLEMENT TO DEBTORS' MOTION FOR ENTRY OF AN**
**ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO EXIT FINANCING**
**COMMITMENT AND FEE LETTERS AND (B) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order*

*(A) Authorizing the Debtors to Enter into Exit Financing Commitment and Fee Letters and*

*(B) Granting Related Relief* (the "Motion") and this supplement will be held before the Honorable

Shelley C. Chapman, United States Bankruptcy Judge, United States Bankruptcy Court for the

Southern District of New York (the "Court"), One Bowling Green, Courtroom No. 623, New York,

New York 10004-1408, on **February 25, 2019, at 1:00 p.m. (prevailing Eastern Time)**.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076).  The location of the Debtors' service address is:  1411 Broadway, New York, New York 10018.

LEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Motion shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order (A) Establishing Certain Notice, Case Management, and Administrative Procedures and (B) Granting Related Relief* [Docket No. 107] (the "Case Management Order") approved by the Court; (c) be filed electronically with the Court on the docket of *In re Nine West Holdings, Inc.*, Case 18-10974 (SCC) by registered users of the Court's electronic filing system and in accordance with the General Order M-399 (which is available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **February 22, 2019, at 12:00 p.m. (prevailing Eastern Time)**, by (i) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at https://cases.primeclerk.com/ninewest) and (ii) any person or entity with a particularized interest in the subject matter of the Motion and this supplement.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

New York, New York
Dated:  February 20, 2019

/s/ Joseph M. Graham
James H.M. Sprayregen, P.C.
Christopher J. Marcus, P.C.
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

James A. Stempel (admitted *pro hac vice*)
Joseph M. Graham (admitted *pro hac vice*)
Angela M. Snell (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Counsel to the Debtors and Debtors in Possession*

**Hearing Date and Time:  February 25, 2019, at 1:00 p.m. (prevailing Eastern Time)**
**Objection Deadline:  February 22, 2019, at 12:00 p.m. (prevailing Eastern Time)**

| | |
|---|---|
| James H.M. Sprayregen, P.C. | James A. Stempel (admitted *pro hac vice*) |
| Christopher J. Marcus, P.C. | Joseph M. Graham (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS LLP** | Angela M. Snell (admitted *pro hac vice*) |
| **KIRKLAND & ELLIS INTERNATIONAL LLP** | **KIRKLAND & ELLIS LLP** |
| 601 Lexington Avenue | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| New York, New York 10022 | 300 North LaSalle Street |
| Telephone:    (212) 446-4800 | Chicago, Illinois 60654 |
| Facsimile:    (212) 446-4900 | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |

*Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*,[1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUPPLEMENT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(A) AUTHORIZING THE DEBTORS TO ENTER INTO EXIT FINANCING**
**COMMITMENT AND FEE LETTERS AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully submit this supplement to the *Debtors' Motion for Entry of an Order (A) Authorizing*

*the Debtors to Enter into Exit Financing Commitment and Fee Letters and (B) Granting Related*

*Relief* [Docket No. 1223] (the "Motion").[2]  The Debtors incorporate by reference the Motion and

Lefkovits Declaration filed as Exhibit F to the Motion.  In further support of the Motion and the

additional relief requested in this supplement to the Motion, the Debtors state as follows:

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC (4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348); Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC (7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076).  The location of the Debtors' service address is:  1411 Broadway, New York, New York 10018.

[2]    Capitalized terms used but not defined herein shall have the meaning given to them in the Motion.

## Relief Requested

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A**, (a) granting the relief requested in the Motion and (b) granting authority to enter into

a backstop fee letter related to the Term Loan Facility, a copy of which is attached hereto as

**Exhibit B** (the "Backstop Fee Letter"), by and between the Debtors and Carlson Capital, L.P.

("Carlson").

## The Backstop Fee Letter

2.      As part of finalizing the Exit Facilities as described in the Motion, Carlson—a

lender in the Debtors' existing secured and unsecured term loan facilities—agreed to provide a

commitment for $20 million of the Term Loan Facility, pursuant to a participation letter between

Carlson and Goldman Sachs Bank USA.  This commitment to anchor a substantial portion of the

Term Loan Facility, along with commitments by other significant existing secured and unsecured

term loan lenders, will help ensure that the Debtors obtain the critical exit financing needed to

emerge from chapter 11.  In exchange for this commitment, the Debtors have agreed to provide a

backstop fee as set forth in the Backstop Fee Letter.  Carlson's participation in the Term Loan

Facility is subject to the conditions and fee structure enclosed in the Backstop Fee Letter.  The

Debtors have determined, in their business judgment, that the fee structure provided by Carlson

represents the most favorable terms available.  Entry into the Backstop Fee Letter represents a

critical step in the Debtors' path towards emergence from chapter 11.

3.      Carlson has committed to provide a portion of the Term Loan Facility, subject to,

among other things, entry of an order by the Bankruptcy Court authorizing the Debtors to incur

and pay certain obligations.[3]  Specifically, as set forth in the Backstop Fee Letter, Carlson is entitled to a fee (the "Backstop Commitment Fee") based on the total amount committed by Carlson.  Subject to Court approval of the Backstop Fee Letter, the Debtors agree to pay (or cause to be paid) the Backstop Commitment Fee upon the Closing Date (as defined in the Term Loan Commitment Letter).

4.      For the reasons set forth in the Motion, the Debtors believe these obligations are justified by the benefits Carlson's commitment will have with regard to the Debtors' ability to secure the full funding for the Term Loan Facility—thereby clearing the way for their emergence from chapter 11 upon confirmation.  The Debtors, therefore, respectfully submit that entry into and performance under the Backstop Fee Letter reflects a sound exercise of business judgment and is in the best interests of their chapter 11 estates.

## Motion Practice

5.      The Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to the Motion and this supplement.  Accordingly, the Debtors submit that the Motion and this supplement satisfy Local Rule 9013-1(a).

## Notice

6.      The Debtors have provided notice of this supplement to the entities on the Service List (as defined in the case management order in these chapter 11 cases [Docket No. 107] and available on the Debtors' case website at https://cases.primeclerk.com/ninewest).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

---

[3]    In the event that the description set forth herein is in conflict with the Backstop Fee letter, the Backstop Fee Letter shall control.

## **No Prior Request**

7.      Other than in the Motion, no prior request for the relief sought in this supplement

has been made to this or any other court.


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form

attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and granting such other relief as

is just and proper.

| | |
|---|---|
| New York, New York | */s/ Joseph M. Graham* |
| Dated:  February 20, 2019 | James H.M. Sprayregen, P.C. |
| | Christopher J. Marcus, P.C. |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 601 Lexington Avenue |
| | New York, New York 10022 |
| | Telephone:     (212) 446-4800 |
| | Facsimile:     (212) 446-4900 |
| | - and - |
| | James A. Stempel (admitted *pro hac vice*) |
| | Joseph M. Graham (admitted *pro hac vice*) |
| | Angela M. Snell (admitted *pro hac vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:     (312) 862-2000 |
| | Facsimile:     (312) 862-2200 |
| | |
| | *Counsel to the Debtors and Debtors in Possession* |

5

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| NINE WEST HOLDINGS, INC., *et al.*, [1] | ) | Case No. 18-10947 (SCC) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 1223, ___** |

**ORDER (A) AUTHORIZING THE DEBTORS TO ENTER INTO EXIT FINANCING
COMMITMENT AND FEE LETTERS AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion") and the supplement to the Motion (the "Supplement")[2] of

the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") seeking entry

of an order (this "Order") (a) authorizing the Debtors to (i) enter into the Term Loan Commitment

Letter and the Term Loan Fee Letter with Goldman Sachs, (ii) enter into the ABL Commitment

Letter and the ABL Fee Letter with Wells Fargo Bank, (iii) enter into the Backstop Fee Letter by

and between the Debtors and Carlson, and (b) granting related relief, all as more fully set forth in

the Motion and the Supplement; and upon the Lefkovits Declaration; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing

Order of Reference from the United States District Court for the Southern District of New York*,

dated January 31, 2012; and this Court having the power to enter a final order consistent with

Article III of the United States Constitution; and this Court having found that venue of this

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification
number, are: Nine West Holdings, Inc. (7645); Jasper Parent LLC (4157); Nine West Management Service LLC
(4508); Kasper Group LLC (7906); Kasper U.S. Blocker LLC (2390); Nine West Apparel Holdings LLC (3348);
Nine West Development LLC (2089); Nine West Distribution LLC (3029); Nine West Jeanswear Holding LLC
(7263); One Jeanswear Group Inc. (0179); and US KIC Top Hat LLC (3076). The location of the Debtors' service
address is: 1411 Broadway, New York, New York 10018.

[2]    Capitalized terms used and not otherwise defined herein have the meanings given to them in the Motion or the
Supplement, as applicable.

proceeding and the Motion and the Supplement in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and the Supplement and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, the attachments thereto, the Supplement, and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and Supplement and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The Motion is granted as set forth herein.

2.       The relief requested in the Supplement is granted as set forth herein.

3.       The Debtors are authorized to enter into the Term Loan Commitment Letter, the Term Loan Fee Letter, the ABL Commitment Letter, the ABL Fee Letter, and the Backstop Fee Letter (collectively, the "Exit Financing Letters") and perform all obligations thereunder on the terms and conditions set forth therein, without notice, hearing, or further order of this Court when and to the extent they become due under the Exit Financing Letters.  Each of the Exit Financing Letters is valid, binding, and enforceable against the Debtors, their estates, Goldman Sachs, Wells Fargo, and Carlson.

4.       The Debtors are authorized to pay the fees and expenses associated with the Exit Facilities in accordance with the Exit Financing Letters, including, without limitation, all fees and expenses incurred prior to the date of this Order and all arrangement, underwriting, structuring, commitment, upfront, agency, alternative transaction, or other like fees, on the terms and conditions set forth in the Exit Financing Letters, without notice, hearing, or further order of this

2

Court as, when, and to the extent they become due and payable under the terms of the Exit Financing Letters.

5.      The Debtors are authorized to indemnify and hold harmless each of the Indemnified Parties (as such term is defined in the applicable Exit Financing Letter) on the terms and conditions set forth in the Exit Financing Letters, without notice, hearing, or further order of this Court as, when, and to the extent such obligation becomes due and payable under the terms of the Exit Financing Letters.

6.      The fees, expenses, and indemnities associated with the Exit Financing Letters, to the extent payable under the Exit Financing Letters and this Order, are actual, necessary costs and expenses of preserving the Debtors' estates and shall be treated as allowed administrative priority claims against the Debtors under sections 503(b)(1) and 507(a)(2) of the Bankruptcy Code, subject in all respects to the priority of the DIP Superpriority Claims and the 507(b) Claims (as each is defined in the Final DIP Order) set forth in the orders authorizing the Debtors to obtain postpetition financing, including without limitation, the Debtors' Final DIP Order [Docket No. 450] and the DIP Amendment Order [Docket No. 1062]. Such fees, expenses, and indemnities shall not be discharged, modified, or otherwise affected by any chapter 11 plan of the Debtors or related confirmation order, dismissal of these chapter 11 cases, or conversion of these chapter 11 cases to chapter 7 cases, nor shall any of such amounts be required to be disgorged.

7.      The terms and provisions of this Order shall be binding in all respects upon all parties in these chapter 11 cases, the Debtors, their estates, and all successors and assigns thereof, including any chapter 7 trustee or chapter 11 trustee appointed in any of these cases or after conversion of any of these cases to cases under chapter 7 of the Bankruptcy Code.

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(a), 6004(h), or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion and the Supplement.

10.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2019

_____
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Backstop Fee Letter**

**CARLSON CAPITAL, L.P.**
2100 McKinney Ave (18th Floor)
Dallas, X 75201

**PERSONAL AND CONFIDENTIAL**

February 13, 2019

Nine West Holdings, Inc.
Nine West Plaza
1129 Westchester Ave
White Plains, NY 10604

Goldman Sachs Bank USA
200 West Street
New York, NY 10282-2198

**Back Stop Fee Letter**

Ladies and Gentlemen:

This Back Stop Fee Letter (the "**Back Stop Fee Letter**") sets forth certain fees payable by Nine West Holdings, Inc., a Delaware corporation (the "**Company**" or "**you**") to Carlson Capital, L.P. ("**Carlson**" or the "**Back Stop Lender**") in connection with the Term Loan Facility contemplated by the commitment letter dated the date February 4, 2019 hereof (together with all annexes and schedules thereto, the "**Commitment Letter**"), between Goldman Sachs Bank USA ("**Goldman Sachs**"), and the Company. Terms defined in the Commitment Letter are used herein as defined in the Commitment Letter or the Fee Letter referred to therein.

As consideration for the Back Stop Lender's commitments under that certain Side Letter between the Back Stop Lender and Goldman Sachs ███████████████████████████ ███████ you agree to (i) pay the fees set forth in this Back Stop Fee Letter in accordance with the other terms and conditions set forth herein and (ii) consent to the assignment (and to use commercially reasonable efforts to cause the Term Loan Agent to consent to the assignment) by Goldman Sachs to the Back Stop Lender (or its affiliates) of Term Loans in an amount equal to ███████ (the "**Commitment Amount**").

As consideration for the agreements of the Back Stop Lender under the Side Letter with respect to the Term Loan Facility, you agree to pay (or cause to be paid) to each Backstop Lender a fee in an amount equal to ████ (the "**Backstop Commitment Fee**") of the Commitment Amount as in effect on the date hereof, which Backstop Commitment Fee shall be due and payable in full in cash on the Closing Date (as defined in the Commitment Letter).

The Back Stop Lender may, in its discretion, allocate to its affiliates and/or one or more persons portions of any fees payable to it in connection therewith.

You agree that, once paid, the fees or any part thereof payable hereunder will not be refundable under any circumstances except as otherwise agreed in writing. All fees payable hereunder will be paid in U.S. dollars in immediately available funds. Your obligation to pay any fee set forth herein or to cause any

such fee to be paid shall be joint and several with any other party having such an obligation, shall be absolute and unconditional and shall not be subject to reduction by way of setoff or counterclaim.

You acknowledge that this Back Stop Fee Letter is neither an expressed nor an implied commitment by the Back Stop Lender to act in any capacity with respect to the Term Loan Facility or to purchase or place any loans in connection therewith, which commitment, if any, is only set forth in the Commitment Letter.

For the avoidance of doubt, each of the parties hereto acknowledges and agrees that obligations of the Company hereunder are subject to the approval of the Bankruptcy Court.

You agree that this Back Stop Fee Letter and its contents are subject to the confidentiality provisions of the Commitment Letter.  This Back Stop Fee Letter may be executed in any number of counterparts, each of which when executed will be an original, and all of which, when taken together, will constitute one agreement.  Delivery of an executed counterpart of a signature page of this Back Stop Fee Letter by facsimile or other electronic transmission (including .pdf or .tif format) will be effective as delivery of a manually executed counterpart hereof.

In addition, please note that neither the Back Stop Lender nor any of its respective affiliates do not provide accounting, tax or legal advice.

This letter will be governed by and construed in accordance with the laws of the State of New York without regard to principles of conflicts of law that will require any other laws to apply.

*[Remainder of page intentionally left blank]*

DMSLIBRARY01\33826017.v3

Please confirm that the foregoing is in accordance with your understanding by signing and returning to us the enclosed copy of this letter, which will become a binding agreement upon our receipt.

Very truly yours,

**CARLSON   CAPITAL,   L.P.**

By:   _____
Name: Stanton Ray
Title: Portfolio Manager

DMSLIBRARY01\33826017.v3

ACCEPTED AND AGREED AS OF _____February___ 13__, 2019:

**NINE WEST HOLDINGS, INC.**

By: _____
     Name: Ralph A. Schipani
     Title:  President